**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHINGIZ ZURTANOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1462-J |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Chingiz Zurtanov, a Russian citizen, is currently in the custody of Immigration and Customs Enforcement. He has filed a Petition for Writ of Habeas Corpus challenging the detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven business days or otherwise release him. (Rep. & Rec.) [Doc. No. 12]. Both Petitioner and Respondents objected, [Doc. Nos. 13-14], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

In sum, Judge Erwin concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 3-6.

Petitioner does not object to this finding; instead, he objects to Judge Erwin's decision not to address the related constitutional claim. *See* [Doc. No. 13]. But once the Court has found a claim dispositive, it "need not address the remaining issues." *Ohlander v. Larson*, 114 F.3d 1531, 1536 (10th Cir. 1997).

As for Respondents, they continue asserting their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A); however, they concede that the Tenth Circuit's decision in *Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. *See* [Doc. No. 14]. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.

For the reasons above, the Report and Recommendation [Doc. No. 12] is ADOPTED on de novo review and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 21st day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE